| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Dennis McGoldrick 97720<br>350 S. Crenshaw Bl., #A207B<br>Torrance, CA 90503<br>(310) 328-1001-voice<br>(310) 328-0332-telecopier<br>dmcgoldricklaw@yahoo.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>All American Products Group, Inc.,<br><br><br>Debtor(s) | CASE NO.: 2:14-BK-24709-RN<br>CHAPTER: 11 |
|---|---|
| | **CHAPTER 11 DISCLOSURE STATEMENT<br>DATED Oct 31, 2014** |
| | <u>Hearing/Status Conference</u><br>Date:             December 10, 2014<br>Time:             2:00 pm<br>Courtroom: 1645<br>Address:       255 E. Temple St., Los Angeles, CA 90012 |

This Chapter 11 Disclosure Statement (Disclosure Statement) relates to the accompanying Chapter 11 Plan (Plan). The Plan proposes to restructure the financial affairs of the above-named Debtor. You may be entitled to vote on the Plan.

The voting rules are explained below, along with a summary of the Plan and other relevant information. This Disclosure Statement is explanatory only. The Plan will be the binding document, if it is confirmed by the court.

*Your rights may be affected. Read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)* Definitions and rules of construction are as set forth below and in the Plan.

## PART 1. SUMMARY OF PLAN

**Article I of the Plan** divides creditors and interest holders into the following groups. The precise treatment proposed for each group is specified in <u>Exhibit A</u> to the Plan. What follows is only a summary. Please review the Plan carefully.

- **Unclassified claims**, such as costs of administering this bankruptcy case, generally are entitled to be paid in full on the Plan's Effective Date, which is defined in the Plan and should be a short time after the Plan is confirmed.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2014                                                                                    Page 1                                                             F 3017-1.CH11.DISCLSR.STMT

- **Classes 1 and 2 – Secured Claims** (divided into subclasses 1A, 1B, 2A, 2B, etc.) consist of claims secured by Collateral (such as a mortgage/deed of trust secured by a house, a car loan secured by the car, or any other claim secured by a lien on property of the bankruptcy estate), which generally are entitled to be paid in full, over time, with interest. Class 1 is reserved for claims secured *only* by real estate that is an individual Debtor's principal residence. Class 2 contains all other secured claims.
- **Class 3 – Priority Claims** (divided into subclasses 3A, 3B, etc.) consists of "priority" unsecured claims (for example, wages due to employees that were earned, but unpaid, within 180 days before the bankruptcy petition was filed).
- **Class 4 – General Unsecured Claims** consists of "general" unsecured claims (claims that are not entitled to "priority" under the Bankruptcy Code and that are not secured by Collateral), which will receive, over time, the following estimated percentage of their claims (or fixed percentage, if the Plan so provides): <u>8.3%</u>. *Exception:* the Plan may designate a subclass of small "convenience class" claims which will be paid in full on the Effective Date, and in rare situations the Plan may designate additional unsecured subclasses.
- **Class 5 – "Interests":** if Debtor is an organization then "interests" means ownership interests – such as corporate stock, or a partner's interest in a partnership – and if Debtor is an individual, then Debtor is the interest holder. This class will remain unchanged unless otherwise stated in the exhibits to the Plan or this Disclosure Statement.

**Article II of the Plan** governs "executory" contracts and unexpired leases (a contract is generally defined as executory when both Debtor and the other party to the contract have not yet fully performed their obligations, and the unperformed obligations of both parties are significant enough that either party's breach would excuse the other party from performing). Exhibit B to the Plan specifies whether, on the Effective Date, each such contract or lease (a) will be "assumed" as an obligation of the reorganized Debtor (generally meaning that defaults will be cured and the agreement will be reinstated), or (b) will be assumed and then instantaneously assigned to a specified person, or (c) will be "rejected" (meaning that Debtor will no longer perform under the agreement, and the other party can file a claim for damages resulting from that rejection (§ 502(g)).

**Article III of the Plan** explains how Debtor will implement the Plan, and exhibits to this Disclosure Statement describe whether payments under the Plan will be made out of cash on hand, future income, sale(s) of property(ies), or other sources of funding, including supporting calculations. If Debtor is an individual, and if any holder of an allowed unsecured claim objects, then the value of property to be distributed under the Plan must be not less than Debtor's projected disposable income for 5 years (60 months) from the first Plan payment, or for the total payment period under the Plan, whichever is longer (§ 1129(a)(15)).

**Article IV of the Plan** provides that Debtor will be discharged from existing debts as provided in § 1141(d). Generally this means that (1) if Debtor is *not an individual* then the discharge occurs when the Plan is confirmed (except for a liquidating Plan), and (2) if Debtor *is an individual* then (a) the discharge will not occur unless and until Debtor completes all payments under the Plan (all payments for the Plan Term, as specified in Exhibit A to the Plan), unless the court orders otherwise in certain situations, and (b) Debtor will not be discharged from debts that are nondischargeable under § 523. Article IV of the Plan also specifies certain effects of confirmation, including that creditors are prevented from attempting to collect preconfirmation obligations except in specific circumstances or in accordance with the terms of the Plan.

**Article V of the Plan** includes General Provisions, such as how the Plan can be modified, and a provision that if the Plan complies with certain technical rules then it can be confirmed even if one or more classes of creditors or interest holders vote to reject the Plan (§ 1129(b)).

## PART 2. VOTING ON PLAN, AND OBJECTIONS

**A. Who may vote:** You are entitled to vote on the Plan <u>unless</u>: (1) your claim or interest is Disputed (as defined in the Plan); (2) your class is to receive no distribution (presumed to reject the Plan); (3) your class is "unimpaired" (presumed to accept the Plan – see Exhibit A to the Plan for the proponent's designation of which classes are "impaired") (§ 1124); or (4) your claim is unclassified (and thus is required by law to be paid in full)

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2014    Page 2    F 3017-1.CH11.DISCLSR.STMT

(§§ 1123(a)(1) & 1129(a)(9)(A) & (C)).  If your claim or interest is Disputed then you must file a motion to have it allowed for voting purposes (you must do that soon, so that your motion can be heard before votes are counted) (Rule 3018(a)).

**B. Who may vote in more than one class:**  If your claim has been allowed in part as a secured claim and in part as an unsecured claim, or if you otherwise hold claims or interests in more than one class, you are entitled to accept or reject the Plan in each capacity and you should return one ballot for each claim or interest.

**C. How to vote:**  Fill out and return the attached ballot (if you are entitled to vote) so that it is ***received by the deadline*** and according to the other instructions in the enclosed order or court-approved notice regarding voting and procedures.

**D. Effect of vote:**  The Plan will be confirmed only if (1) it is accepted by each impaired class, or (2) it is accepted by at least one impaired class (without counting the votes of "insiders," as defined in § 101(31)) and the court determines that the Plan is "fair and equitable" (as defined by § 1129(b)) to all rejecting classes of creditors, and (3) it meets all of the other legal requirements for confirmation.  A class of creditors accepts the Plan if a majority in number and at least two-thirds in dollar amount of the claims in that class are timely voted in favor of the Plan (§ 1126(c)).  A class of interests accepts the Plan if at least two-thirds of those interests are timely voted in favor of the Plan (§ 1126(d)).

**E. Solicitation of votes:**  Nobody is permitted to solicit your vote to accept or reject any plan during the bankruptcy case unless, at or before the time of the solicitation, you have been provided with the plan or a summary of the plan and a written disclosure statement that has been approved by the court as containing adequate information for you to make an informed judgment about the plan.  Then any person may solicit your vote for or against the Plan.

**F. Who may object:**  Even if you are not entitled to vote, you can object to confirmation of the Plan if you believe that the requirements for confirmation are not met (and if you are a party in interest in this bankruptcy case).  For the deadlines and procedures, see the enclosed order or court-approved notice.

## PART 3.  OTHER INFORMATION

**A. Background/Risk Factors.**  Attached as an exhibit to this Disclosure Statement is a brief description of: (1) Debtor's history: the events leading to the chapter 11 bankruptcy, and any other relevant history of Debtor's business and financial affairs; (2) significant events during the bankruptcy case; and (3) exit strategy: steps taken or planned to fix the problems that led to bankruptcy, and the principal risk factors in future.

**B. Litigation.  Debtor might sue you if, for example, you received a transfer of funds or any other property from Debtor that is avoidable under the Bankruptcy Code.**  Other types of claims also may be made, and the Plan proponent has not completed investigations, but the anticipated and pending legal proceedings by or against Debtor are listed in an exhibit to this Disclosure Statement.

**C. Feasibility:**  The Plan cannot be confirmed unless the court finds it feasible.  A Plan is feasible if confirmation of the Plan is not likely to be followed by Debtor's liquidation or need for further financial reorganization, unless such liquidation or reorganization is proposed in the Plan (§ 1129(a)(11)).  The Plan proponent believes it is feasible because, both on the Effective Date and for the duration of the Plan, the proponent estimates that Debtor will have sufficient cash to make all distributions.  Projected revenues, expenses, and proposed payments to creditors during the Plan Term are specified in <u>Exhibit C</u> to this Disclosure Statement.

**D. Tax consequences of the Plan:**  (1) <u>Tax consequences to the debtor:</u>  The tax consequences to Debtor of the Plan's implementation, including but not limited to tax attribute reduction and the recognition of gain or loss on any sale of Debtor's assets (and the projected tax thereon), have been taken into account and are properly reflected in the financial projections attached to this Disclosure Statement and <u>Exhibits A and B</u> to the Plan.

(2) <u>Tax consequences to holders of claims and interests:</u>  You should consult your own accountant, attorney and/or advisors as to the tax effect to you of Plan transactions.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2014                                                                 Page 3                                                      F 3017-1.CH11.DISCLSR.STMT

*[Note: Pursuant to § 1125(a)(1), the court may require a more detailed description of the tax consequences of the Plan to the debtor and other interested parties, including holders of claims and interests, if the court determines that such information is required in view of the Plan's complexity, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information].*

**E. Liquidation analysis:** The Plan cannot be confirmed unless the court finds that, for each impaired class of claims or interests that has not accepted the Plan, the class will receive or retain no less than if Debtor's bankruptcy estate were liquidated under chapter 7 of the Bankruptcy Code. A liquidation analysis is attached as an exhibit to this Disclosure Statement.

**F. Special procedures:** This Disclosure Statement and the accompanying Plan, with exhibits, are the principal documents for Debtor's proposed financial restructuring, but the court may authorize more lengthy documents to be filed separately (a Plan supplement), or may authorize shorter documents to be served on some classes. Streamlined procedures are encouraged, both to save costs and because that may provide creditors and other parties in interest with more meaningful disclosure. For example, the court may consider: (1) whether, instead of receiving the full Plan and Disclosure Statement, some classes should receive a "court-approved summary" such as a brief table showing the proposed treatment of each class, with prominent instructions on how to request a copy of the full documents and/or review them online (*see* § 1125(b) & (c) and Rule 3017(d)(1)); (2) whether to establish special procedures for transmitting documents and information "to beneficial holders of stock, bonds, debentures, notes, and other securities" (*see* Rule 3017(e)), (3) whether to adjust any deadlines (*see* Rule 9006(c)), and (4) whether to adopt any other special procedures.

| | |
|---|---|
| I declare under penalty of perjury under the laws of the United States that the foregoing and the factual assertions in the attached exhibits are true and correct.<br><br>Signature: *Artorn Benyasri*<br>Debtor or other Plan proponent<br>Date: 10/25/2014 | Printed name of signer:<br><br>Artorn Benyasri<br><br>Organization (if applicable):<br><br>All American Products Group, Inc.<br><br>Title:<br><br>President |
| Signature:<br><br>/s/ Dennis McGoldrick<br>Attorney (if any) for Plan proponent<br>Date: 10/25/2014 | Printed name of signer:<br><br>Dennis McGoldrick<br><br>Law firm:<br><br>Law Office of Dennis McGoldrick |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2014    Page 4    F 3017-1.CH11.DISCLSR.STMT

**Attorney Certification** (subject to what the judge may permit/require, this form is not mandatory, but if it is used then it and its exhibits must not be altered without disclosure/authorization as provided below):

I, the undersigned, am legal counsel for the above-referenced Plan proponent, and I hereby certify the following:  (1) the foregoing Disclosure Statement and attached exhibits are true and correct copies of the latest versions of the local forms of disclosure statement and exhibits approved for use by the United States Bankruptcy Court for the Central District of California; (2) modifications have been made as directed or permitted by written order (docket no. ___) (or, if the presiding judge permits, by other authorization such as oral approval by the court on the record – specify: _____); and (3) no other alterations or modifications to any provision of such form have been made except as shown by a "redlined" version of this Disclosure Statement (docket no. ___) or as follows:

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: <u>10/31/2014</u>  Signature: <u>/s/ Dennis McGoldrick</u>, Print name: <u>Dennis McGoldrick</u>.

| Exhibits to Plan | Description | Exhibits to Disclosure Statement | Description |
|---|---|---|---|
| A | Treatment of Claims and Interests | C | Projected Revenues and Expenses |
| B | ~~Treatment of Executory Contracts and Unexpired Leases~~ | ~~D~~ | ~~Recent Financial History~~ |
| Additional Enclosures | Description | E | Secured Claims, and any § 1111(b) Analysis |
| | Ballot | F | General Unsecured Claims (Class 4) |
| | Order or Notice Regarding Deadlines and Procedures | G | Liquidation Analysis |
| | | H | Endnotes/Continuation Sheets |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2014        Page 5        F 3017-1.CH11.DISCLSR.STMT

| All American, Plan Projections | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash on hand | $25,000.00 | $17,398.24 | $19,296.48 | $21,194.72 | $23,092.96 | $24,991.20 | $26,889.44 | $28,787.68 | $30,685.92 | $32,584.16 | $34,482.40 | $36,380.64 |
| **Income** | | | | | | | | | | | | |
| Gross Sales | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 | $135,000.00 |
| Returns and corrections | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 |
| Total Income | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 | $134,667.00 |
| **Costs of Goods Sold** | | | | | | | | | | | | |
| Freight | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 | $3,333.00 |
| Payroll processing | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 | $660.00 |
| Purchases | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 | $13,200.00 |
| Outside Services | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 | $1,485.00 |
| Tools and Tooling | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| **Utilities** | | | | | | | | | | | | |
| Gas & Electric | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 | $6,333.00 |
| Waste | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 | $125.00 |
| Water | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 |
| Total Utilities | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 | $6,791.00 |
| Total Cost of Goods Sold | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 | $26,469.00 |
| Gross Profit | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 | $108,198.00 |
| **Expenses** | | | | | | | | | | | | |
| Advertising | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 |
| **Automobile Expenses** | | | | | | | | | | | | |
| Auto Insurance | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 |
| Repairs | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Fuel | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 |
| Parking/Tolls | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 | $17.00 |
| Registration | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Total Automotile Exper | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 | $683.00 |
| Bank Charges | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 |
| Credit Card discount | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Insurance** | | | | | | | | | | | | |
| Liability | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 | $833.00 |
| Life | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| Workers Comp | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 | $1,333.00 |
| Total Insurance | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 | $2,466.00 |
| Umpqua Bank | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 | $11,102.05 |
| Pacific Mercantile | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 | $1,110.21 |
| Janitorial | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Meals & Entertainment | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 | $66.00 |
| Ofice Expense | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Outside Services | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Postage and Delivery | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 | $82.50 |
| **Professional Fees** | | | | | | | | | | | | |
| Legal | $10,000.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Accounting | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Total Prof. Fees | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Rent | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 | $23,976.00 |
| Repairs & Maint | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 | $100.00 |
| Salaries & Wages | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 | $34,000.00 |
| Sales Promotions | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 |
| Security | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 | $66.67 |
| Supplies | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 | $133.00 |
| **Taxes & Licenses** | | | | | | | | | | | | |
| Payroll | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 |
| Property | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 |
| Total Taxes & Licenses | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 | $11,500.00 |
| Telephone | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 | $833.33 |
| Travel | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 | $333.00 |
| Unsecured creditors | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Total Expenses | $115,799.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 | $106,299.76 |
| Net Income | $(7,601.76) | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 | $1,898.24 |
| Cash carry over | $17,398.24 | $19,296.48 | $21,194.72 | $23,092.96 | $24,991.20 | $26,889.44 | $28,787.68 | $30,685.92 | $32,584.16 | $34,482.40 | $36,380.64 | $38,278.88 |

Exhibit "C"

| All American P.G. Inc | | EXHIBIT E: Secured Claims, § 1111(b) | | Periodic Amounts [e.g., every mo. x 60 mo.] | | | | | 2:14-bk-24709-RN |

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) | Estimated Claim/ Collateral Value | Claim % to be Paid | $ On Effective Date (projected 06/01/15) | Every_month(s) | Term (e.g., 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ at End of Term (Balloon Payment) | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2A | | Umpqua Bank | | Longer Description: | | | | | | | | | |
| | | Claim *without* bifurcation | | $ 2,709,489.79 | | Source (e.g., proof of claim): proof of claim | | | | | | | |
| | | Collateral net value | | $ 1,000,000.00 | | (after any senior liens) | | Source: proof of claim | | | | | |
| | | Secured Claim-Bifurcated | | $ 1,000,000.00 | 100.0% | $ - | 1 | 120 | 6.00% | $ 11,102.05 | $ 11,102.05 | $ - | $ 1,332,246.02 |
| | | +Deficiency, in Class 4A | | $ 1,709,489.79 | 8.3% | $ - | 1 | 60 | % | $ 2,353.06 | $ 2,353.06 | $ - | $ 141,183.31 |
| | | =Totals Under Plan | | $ 2,709,489.79 | | $ - | | 60 months at this amount: | | $ 13,455.11 | $ - | | $ 1,473,429.33 |
| | | § 1111(b) election? | | The cells below may be empty unless the judge *requires* a statement of "§ 1111(b)" terms (see Plan Art.I.B.) | | | | | | | | | |
| | | at least present value | | $ 1,000,000.00 | | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | at least full amount | | $ 2,709,489.79 | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | § 1111(b) Totals | | $ 2,709,489.79 | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |

**Note to Creditors: Bifurcation.** As explained in the Plan (§ I.B., "Class 2", "(a)") secured claims generally are bifurcated (§ 506(a)) into a secured claim up to the value of the Collateral (after any senior liens) and an unsecured claim for any balance. If you wish to dispute the bifurcation/valuation then you should file a timely objection to confirmation of the Plan (but the Plan proponent should resolve all valuation issues *before* soliciting votes on the Plan).

**Note to Creditors: § 1111(b) Election.** (1) Applicability. The § 1111(b) analysis *may be left blank*, unless the judge requires that it be completed.
(2) Deadline. The election must be made before conclusion of the disclosure statement hearing, or such later deadline as the court may fix (Rule 3014). Only creditors who request in writing a copy of proposed disclosure statements are entitled to a copy *before* it is approved at the disclosure statement hearing and mailed to all creditors (Rule 3017(a)), so creditors who are not proactive may miss the deadline to demand the § 1111(b) analysis and make the § 1111(b) election.
(3) Complexity. The § 1111(b) election is complex - most creditors do not make it, and before doing so you are strongly encouraged to consult an attorney. Briefly, the election generally results in *no increase in present value* of the payment stream under the Plan (§ 1129(b)(2)(A)(i)(II), Plan § 1.B.). Instead the Plan proponent usually proposes a substantially *longer term*, resulting in *smaller payments*. In addition, if you make the election you will *lose any unsecured "deficiency" claim* (with its voting rights and distributions, if any). The benefit of making the election is that your claim is not bifurcated (*i.e.,* you retain the full dollar amount of your lien), which means that if the Collateral increases in value then probably you will share in that increase if either (a) the Collateral is sold or refinanced (and the security documents contain due on sale/refinance provisions that you can enforce) or (b) Debtor defaults and you are able to foreclose.
(4) Imputed & actual interest rates. (a) Plan proponents typically seek long repayment periods because shorter periods increase the *imputed* interest rate (*e.g.,* if a claim of $400,000 is secured by collateral worth $300,000, and Debtor pays $400,000 in 1 year, then the imputed interest rate is approximately 33% ($300,000 x 1.33 = $399,000)! (b) Unless otherwise stated in the Plan, the *actual* interest rate on any late payments or additional indebtedness will be the interest rate used for the "present value" calculation.

| Claim Information: Name / Description / Endnotes | Insider Y? | Scheduled Claims Amount | Filed Claims D/C/U | POC# | Filed Claims Amount | Obj. Dkt.# | Presumed Amt. §502(a)/1111(a) | Order Dkt.# | Adjusted Amt. (if any) | Dividend (from Ex.A) 8.3% |
|---|---|---|---|---|---|---|---|---|---|---|
| All American P.G. Inc | | | Exhibit F: General Unsecured Claims, in Class 4A or 4B | | | | | | | 2:14-bk-24709-RN |
| 1.*Manual Option:* total from bankr. Sched. F→ | | $ 1,800,000.00 | Copy attached/at docket no.→ | 13 | | | | | | |
| 2.Minus any claims manually reduced/deleted→ | | $ - | | | | | | | | |
| 3.Plus any claims manually increased/added→ | | $ - | | | | | | | | Plan Payments: |
| 4.Subtotal, *manually* estimated claims (ln.1 to 3): | | $ 1,800,000.00 | | | | | $ 1,800,000.00 | | | $ 148,658.37 |
| 5.*Electronic Option:* in addition, or in the alternative, some or all claims may be listed individually below | | | | | | | | | | |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| | | $ - | | | $ - | | $ - | | $ - | $ - |
| 6.Estimated "rejection" claims (see Ex.B)↓ (If there are more rejection claims than the two rows below, then use any blank row for more claims) | | | | | | | | | | |
| | | | | | $ - | | $ - | | $ - | $ - |
| | | | | | $ - | | $ - | | $ - | $ - |
| 7a.Deficiency class 2A (estimated in Ex.E) | | | | | | | $ 1,709,489.79 | | $ - | $ 141,183.31 |
| 7b.Deficiency class 2B (estimated in Ex.E) | | | | | | | $ 123,000.00 | | $ - | $ 10,158.32 |
| 7c.Deficiency class 2C (estimated in Ex.E) | | | | | | | $ - | | $ - | $ - |
| 8.Ex.F-Continuation Sheet (if any) | | $ - | | | $ - | | $ - | | $ - | |
| 9.Totals (ln.4 to 8) | | $ 1,800,000.00 | | | $ - | | $ 3,632,489.79 + | | $ - | |
| 10.Grand Total | | | | | Presumed Amounts + any Adjusted Amounts→ | | | | $ 3,632,489.79 | $ 300,000.00 |

**Instructions to Plan Proponent:**
(1) Quick start: Enter an estimated *rough total* in the first row (manual option). Later on you can revise the amount and break it down by individual claim (if required).
(2) Data entry: If using the electronic option, copy data from (a) bankruptcy Schedule F and (b) the court's claims register. The spreadsheet will automatically calculate the "Presumed Amt." (if any) and you can override that with an "Adjusted Amt." if appropriate (*e.g.*, if the court has reduced or disallowed the claim).

| All American P.G. Inc | | | Exhibit G: Liquidation Analysis | | 2:14-bk-24709-RN |
|---|---|---|---|---|---|
| Itemized below are any *changes* to the most recent bankruptcy Schedules A&B, attached/at docket # →→→ | | | | 13 | Endnotes (Ex.H): |
| 1. Total from bankruptcy Schedule A: | | $ - | B.24. Customer lists/personal info. | $ - | **Partnerships:** If Debtor is a partnership, then general partners are liable for any deficiency of estate property to pay all allowed claims (§ 723(a)) so their financial condition must be disclosed. |
| | | $ - | B.25. Vehicles & accessories | $ - | |
| | | $ - | B.26. Boats, motors, accessories | $ - | |
| | | $ - | B.27. Aircraft and accessories | $ - | |
| | | $ - | B.28. Office equip., furnishings, supplies | $ 500.00 | |
| | | $ - | B.29. Machinery, fixtures, equip., supplies | $ 600,000.00 | |
| 2. Adjusted total, Schedule A property | | $ - | B.30. Inventory | $ 500,000.00 | **Note on valuation:** Subject to any court order or attached continuation sheet: |
| 3. Total from bankruptcy Schedule B | | $ - | B.31. Animals | $ - | (1) Real estate valuation may assume 8% costs of sale. |
| B.1. Cash on hand | | $ 1,851.00 | B.32. Crops - growing or harvested | $ - | |
| B.2. Bank accounts, or equivalent | | $ - | B.33. Farming equipment/implements | $ - | (2) Accounts receivable may be discounted up to 50% of face value (to account for lack of collectibility in orderly liquidation). |
| B.3. Security deposits | | $ - | B.34. Farm supplies, chemicals, feed | $ - | |
| B.4. Household goods and furnishings | | $ - | B.35. Other (itemize in Ex.H) | $ - | |
| B.5. Books, art, antiques, collectibles | | $ - | 4. Adjusted total, Sch. B property | $ 1,302,351.00 | (3) Any appraisals or other support for valuations are available upon request. |
| B.6. Wearing apparel | | $ - | 5. Other (*e.g.*, avoidance actions-itemize) | $ - | |
| B.7. Furs and jewelry | | $ - | 6. Total Assets (ln.2+4+5) | $ 1,302,351.00 | |
| B.8. Hobby equipment | | $ - | 7. Claims Senior to General Unsecured Claims | | Hypothetical chapter 7 trustee fees |
| B.9. Insurance policies | | $ - | 7a. Secured claims (after bifurcation) | $ 1,100,000.00 | $ 1,302,351.00  Total disbursements |
| B.10. Annuities | | $ - | 7b. Chapter 7: trustee fees (from sidebar) | $ 62,320.53 | $ -  Minus exemptions |
| B.11. Tuition accounts | | $ - | 7c. Chapter 7: other costs of administration | $ - | $ -  Minus adjustments* |
| B.12. IRAs or other pension/profit sharing | | $ - | 7d. Chapter 11: unpaid professionals' fees | $ - | $ 1,302,351.00  = Net disbursements |
| B.13. Stock/interests in businesses | | $ - | 7e. Chapter 11: other administrative costs | $ - | § 326 calculations |
| B.14. Partnerships or joint ventures | | $ - | 7f. Priority claims (bankruptcy Schedule E) | $ - | $ 5,000.00  X 25%= $ 1,250.00 |
| B.15. Bonds & instruments | | $ - | 7g. Debtor's exemptions (bankr. Sch.C) | $ - | $ 45,000.00  X 10%= $ 4,500.00 |
| B.16. Accounts receivable | | $ 200,000.00 | 7h. Other/adjustments (describe in Ex.H) | $ - | $ 950,000.00  X 5%= $ 47,500.00 |
| B.17. Domestic support/property division | | $ - | 8. Total Senior Claims (ln. 7a to 7h) | $ 1,162,320.53 | $ 302,351.00  X 3%= $ 9,070.53 |
| B.18. Tax refunds & other liquidated $ | | $ - | 9. Net available for unsecured (ln.6-ln.8) | $ 140,030.47 | $ 1,302,351.00  Totals $ 62,320.53 |
| B.19. Equitable interests, life estates, etc. | | $ - | 10a. Gen. unsecured claims from Ex.F | $ 3,632,489.79 | Adjustment (if any) $ - |
| B.20. Inheritances, death benefits, etc. | | $ - | 10b. Other gen. unsecured claims (if any) | $ - | Trustee Fee $ 62,320.53 |
| B.21. Other contingent/unliquidated claims | | $ - | 11. Total gen. unsecured (ln.10a+10b) | $ 3,632,489.79 | *Adjustments would include, *e.g.*, estimated refunds, and non-estate funds/ assets returned to third parties. |
| B.22. Patents, copyrights, other IP | | $ - | 12. Ch. 7 Estimated Dividend (ln.9/ln.11) | 3.9% | |
| B.23. Licenses, franchises, intangibles | | $ - | 13. Plan Est. Dividend (Ex.A Class 4A) | 8.26% | |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June, 2014

F 3018-1.CH11.PLAN-DS.EXHIBITS

| All American P.G. Inc | EXHIBIT H: Endnotes / Continuation Sheets | 2:14-bk-24709-RN |
|---|---|---|

**(1) Endnote#** Example: "1B: Creditor has agreed to loan modification"

Landlord is allowing debtor to remain in possession as long as the rent is paid on time.

**(2) Debtor's history:** including events leading to bankruptcy and, unless Debtor is an individual, the identity of Debtor's principals, management, and relevant affiliates

| 07/31/13 | Debtor forced to relocate plant and inventory at significat cost, from San Fernando to Valencia |
| 07/31/14 | Debtor filed this case to keep Umpqua Bank from liquidating debtor with a receiver. |
| 10/31/14 | Arton Benyasri owns 100% of the stock of the debtor and is the president of the debtor. |
| 10/31/14 | The debtor has made it through a long downturn in the economy and is proposing a plan to repay creditors as sales increase |

**(3) Significant events during the bankruptcy case:** including any borrowing/cash collateral orders, sales of assets out of the ordinary course of business, the status of litigation by or against Debtor, the identity of professionals employed by Debtor, and the bar date - i.e., the deadline for filing proofs of claim

| 08/29/14 | Debtor filed its application to hire Dennis McGoldrick as bankruptcy counsel. |
| __/__/__ | no bar date for claims has yet been set. |
| __/__/__ | |
| __/__/__ | |

**(4) Exit strategy:** steps taken or planned to fix the problems that led to bankruptcy (e.g., Debtor was unemployed but found a new job at comparable pay starting __/__/__, or Debtor previously underpriced goods and has now increased prices without material loss in sales volume)

Debtor has begun importing more products, which can be sold with a larger margin, while debtor continues manfacturing bushings.

**(5) Principal risk factors:** e.g., asset sale could fall through, Debtor could lose employment/business, loss of key employees, loss of paying tenants, etc.

Should there be a double dip in the recession, the debtor may not be able to pay the plan.

**(6) Litigation - anticipated or pending:** e.g., claims objections, preference and fraudulent transfer claims, lawsuits against Debtor.

| Name (Plaintiff(s) v. Defendant(s)) | Projected gross recovery (or liability) | Nature of claim(s) (e.g., § 547) and current status |
|---|---|---|
| none | $ | - |
| | $ | - |

**Instructions to Plan proponent:** (1) <u>Attach more continuation sheets</u>. The above are only examples. Create your own continuation sheets as needed.
(2) <u>File any bulky documents separately</u>. Incorporate them by reference (e.g., any appraisals should either be filed separately or available upon request).

P.10-1

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June, 2014

F 3018-1.CH11.PLAN-DS.EXHIBITS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
350 S. Crenshaw Blvd., Suite A207B, Torrance, CA 90503

A true and correct copy of the foregoing document entitled **CHAPTER 11 DISCLOSURE STATEMENT DATED OCT. 31, 2014**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *10/31/2014*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Scott R Albrecht    scott.albrecht@sgsattorneys.com, jackie.nguyen@sgsattorneys.com
- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- James E Burbott    jeb@moorebrewer.com, cl@moorebrewer.com;cg@moorebrewer.com
- Brian S Healy    brian@tw2law.com
- Dennis E McGoldrick    dmcgoldricklaw@yahoo.com
- Thomas J Prenovost    tprenovost@pnbd.com
- Kelly M Raftery    bknotice@mccarthyholthus.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *10/31/2014,* I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Richard M. Neiter, 255 E. Temple Street, Suite 1652, Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *10/31/2014*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/31/2014 | Kevin McGoldrick | /s/ Kevin McGoldrick |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.