1   **PRENOVOST, NORMANDIN, BERGH & DAWE**
    **A Professional Corporation**
2   **THOMAS J. PRENOVOST, JR., SBN 77813**
    tprenovost@pnbd.com
3   **KRISTIN F. GODEKE, SBN 254524**
    kgodeke@pnbd.com
4   **2122 North Broadway, Suite 200**
    **Santa Ana, California 92706-2614**
5   **Phone No.:    (714) 547-2444**
    **Fax No.:      (714) 835-2889**
6
    Attorneys for Movant, UMPQUA BANK, as
7   successor by acquisition to Commerce National
    Bank
8

9                   **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11  | In re | Case No. 2:14-bk-24709-RN |

12  ALL AMERICAN PRODUCTS GROUP,        Chapter 11
    INC.,
13
                                        **OBJECTION TO DEBTOR'S**
14            Debtor.                   **DISCLOSURE STATEMENT**

15  UMPQUA BANK, as successor by acquisition   Judge:   Hon. Richard M. Neiter
    to Commerce National Bank,                 Date:    December 10, 2014
16                                             Time:    2:00 p.m.
              Movant,                          Ctrm.:   1645
17                                             Place:   255 E. Temple Street
         v.                                             Los Angeles, CA 90012
18
    ALL AMERICAN PRODUCTS GROUP, INC.,
19
              Respondent.
20

21  **TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY COURT**

22  **JUDGE; THE DEBTOR AND COUNSEL OF RECORD; THE OFFICE OF THE UNITED**

23  **STATES TRUSTEE, AND OTHER PARTIES ENTITLED TO NOTICE:**

24        Umpqua Bank, as successor by acquisition to Commerce National Bank ("Umpqua), holder of

25  a the largest secured claim in this bankruptcy, submits the following Objection to the adequacy of

26  Debtor All American Products Group's ("Debtor") Disclosure Statement. ("Objection"). Umpqua's

27  Objection is based on the following factual and legal grounds:

28

8091.0029 / 1034370.1                    1

1.    The Disclosure Statement does not adequately address feasibility.

2.    The Disclosure Statement does not adequately address the substantive requirements of Section 1129(a) and (b).

3.    The Disclosure Statement does not adequately explain why the proposed treatment of the Umpqua claims is fair and equitable.

Overall, the Debtors' proposed Disclosure Statement is fatally deficient since it fails to address critical issues, including feasibility, and the substantive requirements for cram down, including the absolute priority rule and new value exception.  In addition, the disclosure statement does not state why the proposed cram down plan is fair and equitable.

## I.

## STATEMENT OF FACTS

Umpqua is a secured creditor in this action, having previously obtained a judgment, secured by collateral, in the amount of $2,704,489.79.

Debtor filed this bankruptcy on July 31, 2014. In support, Debtor filed schedules listing the collateral securing Umpqua's loans as having a value of $5.8 million dollars. The Debtor provided no support for this valuation.[1]

In the face of multiple motions for relief from stay, Debtor was ordered to file a *confirmable* plan and Disclosure Statement on or before October 31, 2014.  Debtor filed the Plan and Disclosure Statement within the allotted time; however, both are woefully deficient.

The deficiencies exhibited in the Plan and Disclosure Statements are not the only defects present in this case.  As of the date of the filing of this Objection, no Monthly Operating Reports have been submitted and the Trustee has a Motion to Dismiss on file, set to be heard November 13, 2014.

---

[1]  In its Proof of Claim, Umpqua estimated the value of its collateral at $1 million, about $1.2 million less than the total amount owed Umpqua.  Debtor should not be allowed to rely on a potential overvaluation to qualify for a Chapter 11 reorganization and, on the other hand, rely on Umpqua's potential undervaluation to support a lower secured amount.

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2654
Tel. (714) 547-2444 • Fax (714) 835-2889

**II.**

## THE DISCLOSURE STATEMENT DOES NOT ALLOW

## FOR AN INFORMED DECISION

The primary purpose of a disclosure statement is to provide creditors the information necessary to make an informed decision to accept or reject the debtor's plan. (*In re Ferguson* (Bankr. D.S.C. 2012) 474 B.R. 466, 470.) Section 1125 of the *Bankruptcy Code* provides that a court may approve a disclosure statement only if it provides holders of impaired claims with adequate information so that a hypothetical investor typical of the holders of claims or interests in the case can make an informed decision on whether they should support a proposed chapter 11 plan. (See, 7 *Collier on Bankruptcy* (16th ed. 2011) ¶1125.02 at 1125-7 [Disclosure is the pivotal concept in reorganization practice under the Bankruptcy Code].) To achieve this result *Bankruptcy Code* §1125(a)(1) provides in part:

> Adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

The requirement of adequate information in a disclosure statement is crucial to the effective functioning of the federal bankruptcy system. (*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.* (3rd Cir. 1996) 81 F.3d 355, 362 .) Because creditors and the Bankruptcy Court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated. (*Id.*, citing *See Oneida Motor Freight, Inc.* (3rd Cir. 1988) 848 F.2d at 417-18.) If a disclosure statement does not contain adequate information, Court approval must be denied.

It is within the Court's discretion to determine whether a disclosure statement contains adequate information. (*Menard–Sanford v. Mabey (In re A.H. Robins Co.)* (4th Cir. 1989) 880 F.2d 694, 696 [The determination of whether the disclosure statement has adequate information is made on

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

1   a case by case basis and is largely within the discretion of the bankruptcy court].)  Umpqua Bank

2   objects to the Debtor's disclosure statement based on the failure to provide adequate information.

3   Umpqua Bank is aware of the legal and factual distinction between issues that are

4   appropriately addressed at the disclosure statement hearing, and these issues more appropriately raised

5   at the confirmation hearing.  However, where a plan of reorganization is on its face non-confirmable,

6   as a matter of law, it is appropriate for the court to deny approval of the disclosure statement

7   describing the non-confirmable plan.  (*In re Silberkraus* (Bankr.C.D.Cal. 2000) 253 B.R. 890, 899.)

8   One court has described this obligation in strong terms, "If, on the face of the plan, the plan could not

9   be confirmed, then the Court will not subject the estate to the expense of soliciting votes and seeking

10  confirmation." (*In re Pecht* (Bankr.E.D.Va. 1986) 57 B.R. 137, 139.)   "Not only would allowing a

11  non-confirmable plan to accompany a disclosure statement and be summarized therein, constitute

12  inadequate information, it would be misleading and it would be a needless expense to the estate."

13  (*Id.*)

14  **A.    The Disclosure Statement Does Not Adequately Address Feasibility.**

15  The Disclosure Statement does adequately address feasibility.  The Debtor has not provided

16  sufficient information for the Court or Umpqua Bank to make an informed determination.

17  Section 1129(a)(11) requires as a condition of confirmation that the Court find that

18  confirmation "is not likely to be followed by liquidation, or the need for further financial

19  reorganization, of the debtor. . ."  The debtor must provide evidence of sufficient cash flow to fund

20  and maintain its obligations under the plan. (*S&P, Inc. v Pfeifer* (N.D. Ind., 1995) 189 B.R. 173, 183.)

21  Neither Umpqua Bank nor the Court can reasonably determine if the proposed plan is feasible.

22  **B.    The Disclosure Statement Does Not Adequately Address the Substantive Requirements**

23  **of Section 1129(a) and (b).**

24  The Code anticipates that not all reorganizations will proceed with consent of all interested

25  parties.  Section 1129(a) provides the Court shall confirm a plan only if all of the sixteen (16)

26  requirements are met.  The debtor bears the burden of proof on each requirement.  (*Collier on*

27  *Bankruptcy*, 16th ed., ¶1129.02[1].)  Absent consent, the Court may confirm a plan pursuant to Section

28  1129(b), which provides in part:

PRENOVOST, NORMANDIN, BERGH & DAWE
*A Professional Corporation*
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL. (714) 547-2444 • Fax (714) 835-2889

1        "(1) Notwithstanding section 510(a) of this title, if all of the applicable

2        requirements of subsection (a) of this section other than paragraph (8)

3        are met with respect to a plan, the court, on request of the proponent

4        under the plan, shall confirm the plan notwithstanding the requirements

     of such paragraph if the plan does not discriminate unfairly, and it is

5        fair and equitable, with respect to each class of claims or interests that

     is impaired under, and has not accepted, the plan."

6        Umpqua Bank will vote against confirmation so as to avoid the proposed loss. The Debtor

7   should anticipate that other Classes of claimants will also vote against confirmation. In that scenario,

8   the Disclosure Statement should address Section 1129(b)(1).

9   **C.    The Disclosure Statement Does Not Explain Why the Proposed Treatment of the**

10      **Umpqua Bank Claims is Fair and Equitable.**

11       The Disclosure Statement does not explain why the proposed treatment of Umpqua Bank's

12  claim is fair and equitable, which is an essential element of *Bankruptcy Code* §1129(b). In the event

13  of a confirmation hearing, Umpqua Bank shall present evidence that Umpqua Bank would not grant

14  credit to the Debtor, or any other borrower, with similar credit, collateral and loan to value, as is

15  proposed by the Debtor.

16       The Debtor has not proposed market terms; instead, the Debtor seeks to reduce the interest rate

17  to six percent (6%), which is below the market rate, for similar borrowers, collateral and loan to value.

18  The Disclosure Statement does not provide any factual or legal basis for the reduction in interest rate,

19  or other loan terms.

20       The court *In re John Fowler* (9th Cir. 1990) 903 F.2d 694, 698, approved a formula for

21  determining the interest rate starting with a base rate, either the prime rate or the rate on treasury

22  obligations, and adds a factor based on the risk of default and the nature of the security (the "risk

23  factor"). The Disclosure Statement does not address *John Fowler*, or otherwise discuss the proposed

24  6% (below market) interest rate. In light of the loss to be suffered by Umpqua Bank in the event the

25  plan were confirmed (approximately $1.2 million), and because the Debtor has the burden on all

26  confirmation issues, the Disclosure Statement should explain, why the proposed treatment is fair and

27  equitable, taking into account current market conditions for loans to borrowers with similar credit, net

28  worth, collateral (including condition, income, expenses and loan to value ratio). Nothing in the

PRENOVOST, NORMANDIN, BERGH & DAWE
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
Tel. (714) 547-2444 • Fax (714) 835-2889

OBJECTION TO DISCLOSURE STATEMENT

1  Disclosure Statement supports the reduction in interest rate, to below market rates, other than the wish

2  of the Debtor to reduce interest rate.  The Disclosure Statement does not describe efforts by the Debtor

3  if any, to seek alternative financing from lenders that are willing to lend to a debtor in possession.

4                                         **III.**

5                                  **CONCLUSION**

6       Umpqua objects to the Debtor's disclosure statement for all of the reasons set forth above and

7  requests that the court not approve the disclosure statement.

8  DATED:  November 11, 2014            PRENOVOST, NORMANDIN, BERGH & DAWE
                                        A Professional Corporation

9

10

11                                 By:        /s/ Thomas J. Prenovost, Jr.
                                        _____

12                                      THOMAS J. PRENOVOST, JR.
                                        KRISTIN F. GODEKE

13                                      Attorneys for Movant, UMPQUA BANK, as
                                        successor by acquisition to Commerce National

14                                      Bank

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO DISCLOSURE STATEMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2122 N. Broadway, Suite 200, Santa Ana, CA 92706

A true and correct copy of the foregoing document entitled (specify): <u>Objection to Debtor's Disclosure Statement</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) <u>November 11, 2014</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Attorney for Harry Dickinson: William C Beall   will@beallandburkhardt.com, carissa@beallandburkhardt.com
Attorney for Visterra Credit Union: James E Burbott   jeb@moorebrewer.com,
cl@moorebrewer.com;cg@moorebrewer.com
Attorney for Bay Area Employment Develpment : Brian S Healy   brian@tw2law.com
Attorney for Debtor: Dennis E McGoldrick   dmcgoldricklaw@yahoo.com
Attorney for Umpqua Bank: Thomas J Prenovost   tprenovost@pnbd.com
Attorney for Wells Fargo Bank, N.A., as Trustee: Kelly M Raftery   bknotice@mccarthyholthus.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
Attorney for United States Trustee: Hatty K Yip   hatty.yip@usdoj.gov
☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) <u>November 11, 2014</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Debtor</u>
All American Products Group, Inc.
24901 Avenue Stanford
Valencia, CA 91355

<u>Unsecured Claim Creditor</u>
Thai Kakuta Co., Ltd
219 Lat Krabang Industrial Estate
Bangkok 10520, Thailand

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) <u>November 11, 2014</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Richard M. Neiter
United States Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Courtesy Copy, Bin outside of Suite 1652

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 11, 2014 | Stephanie Richards | *Stephanie Richards* |
|---|---|---|
| Date | Printed Name | Signature |

8091.0029 / 998476.1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

*In Re: All American Products Group, Inc.*                                                page 2
USBC Case No. 2:14-bk-24709-RN
### ADDITIONAL SERVICE INFORMATION

**2.     LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS**
**(Served via U.S. Mail)**

Bay Area Development Co.
1801 Oakland Blvd, Ste100
Walnut Creek, CA 94596

Internal Revenue Service
Ogden, UT 84201

SuperTec Machinery
6435 Alondra
Paramount, CA 90723

Thomas H. Tsang, CPA
415 Grand Avenue #200
South San Francisco, CA 94080

Destaco
23478 Network Place
Chicago, IL 60673

Firemans Fund Insurance
P.O. Box 7166
Pasadena, CA 91109

Paul Kendrick
15128 Domart Avenue
Norwalk, CA 90650

Kakuta Kougyou Co. Ltd
10-4, 5 Chome Ohi, Shinagawa-KU
Tokyo 140-0014, Japan

K & B Trucking
25000 Avenue Stanford
Valencia, CA 91355

City Of San Fernando
117 MacNeil Street
San Fernando, CA 91340

Pacific Mercantile Bank
3257 E. Guasti Road #110
Ontario, CA 91761

Shiptech Software
180 Glastonbury Blvd, Ste 303
Glastonbury, CT 06033

Employment Development Department
P.O. Box 431804
Los Angeles, CA 90043

Mail Finance
478 Wheelers Farms Road
Milford, CT 06461

Affordable Staffing
13752 Foothill Blvd, Ste 4
Sylmar, CA 91432

California Choice
721 South Parker, Suite 200
Hermosa Beach, CA 90254

Travelers
900 Watervliet Shaker Road, Ste 220
Albany, NY 12205

OTIS ELEVATOR COMPANY
DEPT LA 21684
PASADENA, CA 91185

TW Telecom
P.O. Box 172567
Denver, CO 80217

---

8091.0029 / 998476.1 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**