Scott R. Albrecht, Esq. - SBN 201614
**SAMUELS, GREEN & STEEL, LLP**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 263-0004
Facsimile: (949) 263-0005
E-mail: scott.albrecht@sgsattorneys.com

Counsel for Secured Creditor, Pacific Mercantile Bank

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>All American Products Group, Inc.,<br><br><br>Debtor. | Case No. 2:14-bk-24709-RN<br><br>Chapter 11<br><br>SECURED CREDITOR PACIFIC MERCANTILE BANK'S [CLASS 2B] OPPOSITION TO DEBTOR'S CHAPTER 11 DISCLOSURE STATEMENT<br><br><u>Hearing:</u><br>Date:    December 10, 2014<br>Time:   2:00 p.m.<br>Ctrm.:  1645, 16th Floor<br>           Edward R. Roybal Federal Bldg.<br>           and U.S. Courthouse<br>           255 Temple Street<br>           Los Angeles, California 90012 |

**TO THE HONORABLE RICHARD NEITER, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ITS COUNSEL OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE - LOS ANGELES DIVISION; AND OTHER INTERESTED PARTIES**:

Secured Creditor, Pacific Mercantile Bank ("PMB"), holder of a secured claim in the amount of approximately $163,000.00, and identified in Class 2B, submits the following *Opposition Re Approval of the Debtor's Disclosure Statement to Accompany Chapter 11 Plan* ("*Opposition to Disclosure Statement*").  As detailed herein, PMB respectfully requests that the Court deny approval of the Debtor's *Disclosure Statement to Accompany Chapter 11 Plan* ("*Disclosure Statement*") since it fails to include "adequate information" as required under Section 1125 of the Bankruptcy Code. Furthermore, Debtor's Chapter 11 Plan proposed to pay PMB only

1  part of its secured claim ($100,000 of the total $163,000 secured claim) over 10 years at the

2  unsupportable low interest rate of 6%, which clearly in this context does not comply with Section

3  1129(b) of the Bankruptcy Code.  Though PMB is asserting legal and factual issues that may be

4  more suited for Chapter 11 Plan confirmation issues, however, since the combined effect of the

5  incorrect amount of PMB's secured claim and the unsupportable proposed low interest rate,

6  should be considered by the Court in conjunction with analyzing the adequacy of the Debtor's

7  *Disclosure Statement*.

8      In the event the Debtor or any other party in interest wants to reply to PMB's *Opposition

9  to Debtor's Disclosure Statement*, such written reply shall be filed and served on or before seven

10  (7) court days prior to the above-captioned hearing date.

12  **DATED: November 26, 2014**　　　　　　　　**SAMUELS, GREEN & STEEL,
　　　　　　　　　　　　　　　　　　　　　　　　LIMITED LIABILITY PARTNERSHIP**

14  　　　　　　　　　　　　　　　　　　　　**By:　 /s/ Scott R. Albrecht　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Scott R. Albrecht, Esq.
15  　　　　　　　　　　　　　　　　　　　　Counsel for Secured Creditor,
　　　　　　　　　　　　　　　　　　　　　　Pacific Mercantile Bank**

I.

**POINTS AND AUTHORITIES IN OPPOSITION FOR APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT**

A. **THE COURT SHOULD NOT APPROVE DEBTOR'S DISCLOSURE STATEMENT SINCE DEBTOR'S DISCLOSURE STATEMENT DESCRIBES A PATENTLY UNCONFIRMABLE PLAN**

Secured Creditor Pacific Mercantile Bank is mindful of the distinction between issues that are appropriately addressed at the Disclosure Statement Hearing and those more typically reserved for consideration at Plan confirmation. However, it is well established that courts may consider substantive plan issues at the Disclosure Statement Hearing and deny approval to disclosure statements predicated upon facially unconfirmable plans, (See, e.g., *In re Felicity Assocs., Inc.*, 197 B.R. 12, 14 (Bankr. D.R.I. 1996) ("It has become standard Chapter 11 practice that when an objection raises substantive plan issues that are normally addressed at confirmation, it is proper to consider and rule upon such issues prior to confirmation, where the proposed plan is arguably unconfirmable on its face.") (internal quotation omitted); *In re Market Square Inn, Inc.*, 163 B.R. 64, (Bankr. W.D. Pa. 1994) ("Where it is clear that a plan of reorganization is not capable of confirmation, it is appropriate to refuse the approval of the disclosure statement."); *In re Dakota Rail, Inc.*, 104 B.R. 138, 145 (Bankr. D. Minn. 1989) (denying approval of "facially defective disclosure statement" describing infeasible plan); *In re S.E.T. Income Properties, III*, 83 B.R. 791, 794 (Bankr. N.D. Okla. 1988) (denying approval of disclosure statement because "the disclosure statement … demonstrates that the debtor's proposed plan of reorganization is not feasible".))

As discussed below, the Debtor's *Disclosure Statement* fails to satisfy the requirements of Section 1125 of the Bankruptcy Code with regard to numerous factors that are to be disclosed, and where such factors are discussed, only opinion without factual support is provided. Because the *Disclosure Statement* does not provide creditors with adequate information to make an informed judgment about the reorganization plan that the Debtor intends to propose, approval should be denied. Moreover, the Debtor's *Disclosure Statement* should not be approved because it describes a plan that is unconfirmable on its face. The Debtor should not be permitted to engage in a wasteful exercise of distributing a futile *Disclosure Statement* to creditors and soliciting votes for a plan that has no hope of success. (*See, In re Atlanta West VI,* 91 B.R. 620, 622 (Bankr. N.D. Ga. 1988)

Case 2:14-bk-24709-RN    Doc 77    Filed 11/26/14    Entered 11/26/14 14:43:13    Desc
Main Document    Page 4 of 6

(denying approval of disclosure statement describing unconfirmable plan "to avoid … a wasteful and fruitless exercise" that would "further delay a debtor's attempts to reorganize")).

In this case, the same situation is present as noted in the cited cases, namely the Debtor's *Chapter 11 Plan* describes a patently unconfirmable Chapter 11 Plan, thus the Court should deny approval.

**B.    THE DEBTOR'S CHAPTER 11 PLAN IS PATENTLY UNCONFIRMABLE SINCE THE DEBTOR'S PROPOSED DISCOUNT RATE OF 6% IS WITHOUT SUPPORT AND FAILS TO COMPLY WITH SECTION 1129(b)(2)(A)(i) AND APPLICABLE NINTH CIRCUIT AND CENTRAL DISTRICT OF CALIFORNIA CASE LAW**

Section 1129(b)(2)(A) of the Bankruptcy Code provides:

> (2)    For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> (A)    <u>with respect to a class of secured claims, the plan provides:</u>
>
> (c)(i)    <u>that the holders of the such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and</u>
>
> (ii)    <u>that each holder of a claim of such class receive on account of such claim deferred case payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of a least the value of such holder's interest in the estate's interest in such property</u>; (*Emphasis added.*)

The Debtor's *Chapter 11 Plan* completely fails to comply with Section 1129(b)(2)(A) of the Bankruptcy Code.  Specifically, the Debtor's proposal to utilize a discount rate of 6% (interest rate used interchangeably pursuant to Ninth Circuit case of *In re Camino Real Landscape Maintenance Contr.*, 818 F.2d 1503, 1506 (9th Cir. 1987)).  Rather, the Debtor's *Disclosure Statement and Chapter 11 Plan* needs to include a <u>discount rate of between 8% to 10%</u>, based on the usual factors associated with Section 1129(b)(2)(A) of the Bankruptcy Code.  (See, *In re North Valley Mall, LLC*, 432 B.R. 825, Bankr. C.D.Cal. 2010, Bankruptcy Judge Theodor Albert), and *In re McComb Properties*

*VIII, Ltd.* (Bankr. C.D. Cal. 1988) which both followed the Ninth Circuit's holding in *In re Camino Maint Contractors*, 818 F.2d 1503, 1506 (9th Cir. 1987).)

C. **DEBTOR'S PROPOSED TREATMENT OF SECURED CREDITOR PACIFIC MERCANTILE BANK (CLASS 2B) FAILS TO COMPLY WITH SECTION 1129, THEREBY MAKING DEBTOR'S CHAPTER 11 PLAN UNCONFIRMABLE**

As highlighted herein, Debtor's proposed treatment of Secured Creditor Pacific Mercantile Bank is patently unconfirmable, thus justifying denying approval of Debtor's Disclosure Statement. Specifically, Debtor's Plan has PMB listed for a secured claim of $100,000, when in fact PMB's secured claim is approximately $163,000. Secondly, the Debtor proposes a post-confirmation interest rate of 6% over 10 years. These three fatal mistakes by the Debtor (amount of PMB's fully secured claim, the unsupportable woefully low interest rate, and the 10 year payoff) completely fails to comply with various provisions of Section 1129(b) of the Bankruptcy Code. Consequently, as a result of these critical Chapter 11 Plan deficiencies, it would be futile to approve Debtor's Disclosure Statement.

## II.
## CONCLUSION

For the reasons noted herein, Secured Creditor Pacific Mercantile Bank, which holds a claim of approximately $163,000, respectfully request that the Court deny approval of the Debtor's *Disclosure Statement*.

DATED: November 26, 2014          SAMUELS, GREEN & STEEL,
                                  LIMITED LIABILITY PARTNERSHIP


                                  By:    /s/ Scott R. Albrecht
                                     Scott R. Albrecht, Esq.
                                     Counsel for Secured Creditor,
                                     Pacific Mercantile Bank

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**SAMUELS, GREEN & STEEL, LLP**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **SECURED CREDITOR PACIFIC MERCANTILE BANK'S [CLASS 2B] OPPOSITION TO DEBTOR'S CHAPTER 11 DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **November 26, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
James E Burbott    jeb@moorebrewer.com, cl@moorebrewer.com;cg@moorebrewer.com
Brian S Healy    brian@tw2law.com
Kenneth G Lau    kenneth.g.lau@usdoj.gov
Dennis E McGoldrick    dmcgoldricklaw@yahoo.com
Thomas J Prenovost    tprenovost@pnbd.com
Kelly M Raftery    bknotice@mccarthyholthus.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **November 26, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- United States Bankruptcy Court, Central District of California, Honorable Richard Neiter, 255 E. Temple Street, Suite 1645, Los Angeles, California 90015

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on     , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 26, 2014 | Jackie Nguyen | /s/ Jackie Nguyen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
June 2012                                                                                                F 9013-3.1.PROOF.SERVICE

C:\Users\Admin\Desktop\OppCh11Plan 112614.wpd

6